UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY LEE,

    Plaintiff,

                                   Case No.5:16-cv-11566
v.                              Hon. Judith E. Levy
                                   Mag. Judge Stephanie Dawkins Davis

MR. TINRALLA,

    Defendant.
_____/

**ORDER TRANSFERRING CIVIL RIGHTS COMPLAINT TO THE
WESTERN DISTRICT OF MICHIGAN**

    Gregory Lee, a Michigan Prisoner currently residing at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint asserts that Defendant Mr. Tinralla, a Michigan Department of Corrections Officer, assaulted him in his cell. For the reasons stated below, the Court will transfer this matter to the Western District of Michigan for further proceedings.

    The Defendant resides in Ionia County, Michigan, and the events described in the complaint are alleged to have occurred in Ionia. Ionia County is located in the Western District of Michigan. The proper venue

for civil actions is in the judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which the plaintiff may bring the action. 28 U.S.C. § 1391(b).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought." See *Weatherford v. Gluch*, 708 F. Supp. 818, 819 (E.D. Mich. 1988) (quoting 28 U.S.C. § 1404(a)). Venue of a lawsuit may be transferred *sua sponte* for the convenience of parties or witnesses. See *Sadighi v. Daghighfekr*, 36 F. Supp. 2d 267, 278 (D.S.C. 1999).

The Court concludes that both for the convenience of the parties and witnesses, as well as in the interests of justice, the present matter must be transferred to the Western District of Michigan. This Court therefore lacks venue for the § 1983 claim against defendant. *See Mihalek Corp. v. State of Mich.*, 595 F. Supp. 903, 906 (E.D. Mich. 1984).

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

IT IS SO ORDERED.

Dated: May 3, 2016  　　　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan 　　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 3, 2016.

　　　　　　　　　　　　　　　　　s/Felicia M. Moses
　　　　　　　　　　　　　　　　　FELICIA M. MOSES
　　　　　　　　　　　　　　　　　Case Manager